**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOSE MARIO GONZALEZ-AMARO, *et al.*,

Petitioners,

v.

JOHN MATTOS, *et al.*,

Respondents.

Case No. 2:26-cv-02316-RFB-NJK

**SCREENING ORDER**

Petitioners, all of whom are immigration detainees, have filed a joint, counseled petition for writs of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1). They challenge the lawfulness of their ongoing detention at various detention facilities across the Las Vegas Valley at the hands of Immigration and Customs Enforcement ("ICE"). They assert they are members of the certified class in Jacobo-Ramirez v. Noem, 823 F. Supp. 3d 1182 (D. Nev. 2026).[1] Therefore, they may be entitled to relief pursuant to the Court's partial summary judgment in favor of the class. See Jacobo-Ramirez v. Mullin, --- F. Supp. 3d. ---, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026).

## I. JURISDICTION

To preserve the Court's jurisdiction pending a ruling on the petition, **IT IS HEREBY ORDERED** Respondents shall not remove Petitioners from the United States District of Nevada, absent leave of Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." F.T.C. v. Dean Foods Co., 384 U.S. 597, 608 (1966); Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020)

[1] Kristi Noem has since been substituted for Respondent Markwayne Mullin, the current Secretary of the Department of Homeland Security, pursuant to the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 25(d).

("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). Such an injunction is appropriate here. The Supreme Court of the United States has repeatedly held that only one district has jurisdiction over a "core habeas petition:" "the district of confinement." Trump v. J.G.G., 604 U.S. 670, 672 (2025) (citing Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)). Petitioners' removal from this judicial district could interfere with the Court's jurisdiction and ability provide appropriate relief. The Court thus finds this order is warranted to maintain the *status quo*.

## II. DUPLICATIVE PETITIONS

Petitioners Gonzalez-Amaro[2], Lara Hernandez[3], Robles Carrillo[4], and Gonzalez Godoy[5] have parallel proceedings pending in this district, which appear to involve the same claims for habeas relief, in which they are represented by appointed counsel. Therefore, **IT IS HEREBY ORDERED** that Petitioners' counsel shall file a notice by July 31, 2026, indicating whether these Petitioners intend to: (a.) proceed with the earlier filed case and this case in parallel; (b.) consolidate this matter with the earlier filed case; or (c.) proceed with a single case as opposed to both. The Court **DEFERS** screening of the instant Joint Petition until Petitioners address their parallel petitions pending before this Court.

**DATED:** July 30, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

[2] See First Amended Pet. for Writ of Habeas Corpus, Jose M. Gonzalez-Amaro v. Jason Knight et al., No. 2:26-cv-1210-GMN-BNW (D. Nev. June 16, 2026) (ECF No. 14).
[3] See Pet. for Writ of Habeas Corpus, Hernandez v. Blanche et al., No. 2:26-cv-02301-RFB-NJK (D. Nev. July 27, 2026) (ECF No. 1-1).
[4] See Pet. for Writ of Habeas Corpus, Carrillo v. Blanche et al., No. 2:26-cv-02223-RFB-DJA (D. Nev. July 22, 2026) (ECF No. 1-1).
[5] See Pet. for Writ of Habeas Corpus, In Re Alexander Gonzalez Godoy, No. 2:26-cv-02186-ART-MDC (D. Nev. July 20, 2026) (ECF No. 1-1).