**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| ANGEL RUIZ SANCHEZ,<br>HECTOR LARA HERNANDEZ,<br>JUAN ORENCIO CORTES HERNANDEZ,<br>AMADOU DIOP,<br>TOMAS ROBLES CARRILLO,<br>ALEXANDER GONZALEZ GODOY,<br><br>Petitioners,<br><br>v.<br><br>JOHN MATTOS, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-02316-RFB-NJK<br><br>**ORDER GRANTING WRITS OF HABEAS CORPUS** |

Before the Court is a Joint Petition for Writ of Habeas Corpus. See Joint Pet., ECF No. 1 (July 29, 2026). Through the petition and subsequent pleadings, Petitioners Angel Ruiz Sanchez, Hector Lara Hernandez, Juan Orencio Cortes Hernandez, Amadou Diop, Tomas Robles Carrillo and Alexander Gonzalez Godoy assert that their continued civil detention in Respondents' custody violates the Immigration and Nationality Act ("INA") and their due process rights. For the following reasons, the Court grants the Petition and awards Petitioners writs of habeas corpus.

## I. RELEVANT PROCEDURAL BACKGROUND

Petitioners commenced the instant habeas action by filing a joint habeas petition on July 29, 2026. See ECF No. 1. On August 14, 2026, Federal Respondents were served pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), see ECF No. 10, and on August 19, 2026, the Court ordered Respondents to show cause for Petitioners' detention. See Order to Show Cause, ECF No. 14. Specifically, Respondents were ordered to file a "return certifying the true cause of detention" by August 21, 2026. Id. (citing 28 U.S.C. § 2243). The Court warned that, "a

failure by Respondents to respond to the order will be deemed an intentional waiver of any argument as to a lawful basis for detention and may also be considered a violation of the Court's order. Such a waiver or failure to respond to the Court's order may result in appropriate remedial action by the Court including immediate granting of writs, the striking of filings, and/or sanctions imposed on the parties or counsel." Id. To date, Respondents have not filed a return to the Joint Petition.

## II. LEGAL STANDARD

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl.2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (citations omitted). Accordingly, this Court has jurisdiction to grant writs of habeas corpus in the immigration context to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention . . . .").

The Supreme Court has "insistently said that the power of the federal courts to conduct inquiry in habeas corpus is equal to the responsibility which the writ involves: The language of Congress, the history of the writ, the decisions of this Court, all make clear that the power of inquiry on federal habeas corpus is plenary." Harris v. Nelson, 394 U.S. 286, 292 (1969) (internal citation and quotation marks omitted). Indeed, the purpose of the writ is "to provide a *prompt and efficacious remedy* for whatever society deems to be intolerable restraints." See id. at 291 (citation omitted) (emphasis added).

Under 28 U.S.C. § 2243, "[a] court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause." Further, the "order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Id. Courts shall dispose of habeas matters "as law and justice require." Id. The "show cause" provision of 28 U.S.C. § 2243 was designed to avoid a "useless grant of the writ . . . where from undisputed facts or from incontrovertible facts, . . . it appears, as matter of law, no cause for granting the writ exists. On the other hand, on the

facts admitted, it may appear that, as matter of law, the prisoner is entitled to the writ and to a discharge." Walker v. Johnston, 312 U.S. 275, 284 (1941). Thus, courts are authorized to grant writs forthwith if, in their return, the government does not controvert the factual causes of a petitioner's detention, and the petitioner is entitled to discharge as a pure matter of law.

## III. DISCUSSION

Petitioner Ruiz Sanchez has been detained by Respondents since April 13, 2026. See Joint Pet. at 8, ECF No. 1 (July 29, 2026). Petitioner Lara Hernandez has been detained since April 16, 2026. Id. at 9. Petitioners Cortes Hernandez and Diop have been detained since April 21, 2026. Id. at 9–10. Petitioner Robles Carrillo has been detained since June 29, 2026. Id. at 10. Petitioner Gonzalez Godoy has been detained since March 30, 2026. Id. at 10. Each petitioner had been detained for multiple months before Respondents were required to file their return on August 21, 2026. Civil detention, including immigration detention, is only appropriate in special and narrow nonpunitive circumstances, where a special justification outweighs the individual's constitutionally protected interest in avoiding physical restraint. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001). In other words, the government bears the burden to justify the lawfulness of civil detention, and such detention must be lawful at its inception and reasonably related to its purpose. See id. Accordingly, the government must also provide adequate procedural protections to those it chooses to detain. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976). In the immigration detention context, those procedural protections include specific documentation—such as warrants, notices to appear, and notices of initial custody determinations. See generally 8 C.F.R. §§ 236.1; 241.2; 1239.1. These documents provide legal authorization for detention. See id. Thus, Respondents must properly execute and maintain control of these documents in order for each Petitioner's detention to be lawful, and the Court thus assumes Respondents possess, and have reviewed, the documentation governing Petitioners' detention.

The historical purpose of the habeas statute was "to challenge the authority of the sovereign to detain the prisoner." Pinson v. Carvajal, 69 F.4th 1059, 1069 (9th Cir. 2023) (citation omitted). After the Civil War, the writ became a means to challenge unlawful confinement, including where, *inter alia*, detention was based on a defective instrument. See id. at 1070. Put simply, the writ is a way to challenge custody that is "*not authorized to begin with*." Id. (emphasis in original). "[T]he writ is intended to be a swift and imperative remedy in all cases of illegal restraint or confinement

. . . . [t]he writ of habeas corpus, challenging illegality of detention, is reduced to a sham if . . . trial courts do not act within a reasonable time" Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000) (internal quotation marks and citation omitted). It is for these reasons that courts are authorized to "forthwith award the writ." 28 U.S.C. § 2243.

Respondents bear a heavy burden to justify Petitioners' civil detention. See Zadvydas, 533 at 690. They have had ample time to collect the documents *required* to lawfully authorize Petitioners' detention and respond to this Court's Order. However, to date, Respondents have failed to respond, despite having significantly more time than contemplated by the habeas statute to do so. See 28 U.S.C. § 2243. Cf. also Pham v. Wal-Mart Stores, Inc., No. 2:11-CV-01148-KJD, 2011 WL 5508832, at *5 (D. Nev. Nov. 9, 2011) ("Defendants are not excused from producing relevant information in their possession, custody and control because of unreasonable deficiencies in their record keeping system.").

Because Federal Respondents have not properly justified Petitioners' detention, the Court finds immediate release from custody is the only appropriate remedy. Cf. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (stating that immediate or speedier release from incarceration is "the heart of habeas corpus).

## IV. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** the Joint Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**. Respondents must **RELEASE** Petitioners from detention on **September 24, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioners—and/or their agents—must be permitted to wait for Petitioners in the lobby of the Federal Justice Tower during this release window.

**IT IS FURTHER ORDERED** Petitioners must be released on their own recognizance. Thus, Respondents are prohibited from imposing release conditions that substantially interfere with Petitioners' liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents must **RETURN** each Petitioner's personal property, including personal identification and employment authorization documents, **UPON THEIR RELEASE**.

**IT IS FURTHER ORDERED** the Parties must file a joint status report by **September 25, 2026**, confirming, as to each Petitioner, Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. To that end, Petitioners may move to re-open this case without filing a new action.

**DATED:** September 23, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**